1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAYNE C.,

                          Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

CASE NO. C21-648-BAT

**ORDER REVERSING AND
REMANDING**

13      Plaintiff appeals the ALJ's 2020 decision finding him not disabled. He contends the ALJ

14  misevaluated the opinions of examining doctors Dan Neims, PsyD., and Luci Carstens, PhD. and

15  the case should be remanded for further proceedings. For the reasons below, the Court

16  **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further

17  administrative proceedings under sentence four of 42 U.S.C. § 405(g).

18                              **DISCUSSION**

19      Dr. Neims examined Plaintiff in 2016, 2017, and 2018 and opined Plaintiff was markedly

20  limited in his ability to communicate, perform effectively and maintain appropriate behavior in a

21  work setting, and complete a normal workday due to psychological symptoms. Tr. 309. Dr.

22  Neims also opined Plaintiff was moderately limited in his ability to perform work within a

23  schedule, maintain regular attendance, adapt to changes in the workplace, make simple work-

1    related decisions, ask simple questions or request assistance and set realistic work goals. *Id.*

2    The ALJ found Dr. Neims' 2018 opinions "partially persuasive" stating the record shows

3    Plaintiff is functionally limited by his mental health issues but does not show his concentration

4    and social interaction is markedly limited. Tr. 22. In support the ALJ cited a mental health

5    examination in which "claimant's mental functioning was within normal limits or intact with

6    regard to thought process and content, orientation, perception, memory and fund of knowledge."

7    Tr. 23 (citing C2F/41). The examination the ALJ relies upon was performed by Dr. Neims in

8    2018. In that "mental status exam," Dr. Neims found Plaintiff had anxious and dysphoric mood;

9    labile affect; unclear intact memory with suspicion it was; fair to borderline concentration;

10   borderline ability for abstract thought; and borderline insight and judgment.

11   The ALJ did not explain why Dr. Neims' mental status exam findings were inconsistent

12   with the doctor's assessment of Plaintiff's marked limitations, and the findings themselves are not

13   facially at odds with Dr. Neims' opinions. The ALJ must set forth their own interpretation and

14   explain why they, rather than the doctor's is correct. *See Embrey v. Bowen*, 849 F.2d 418, 421-22

15   (9th Cir.1988). The ALJ here failed to do so and thus erred. The Commissioner argues the ALJ's

16   rejection of Dr. Neims' opinions is supported by other evidence in the record. Dkt. 11 at 6. But

17   the ALJ did not reject Dr. Neims' opinions on the grounds upon which the Commissioner relies,

18   and thus neither will the Court.

19   Additionally, the ALJ stated although he rejected Dr. Neims' opinion Plaintiff had

20   marked limitations, DR. Neims' opinions were "partially persuasive." The ALJ determined

21   Plaintiff has the residual functional capacity (RFC) to perform work limited to unskilled work

22   with superficial contact with the public and coworker. Tr. 19. However, Dr. Neims assessed

23   several moderate limitations which the ALJ neither included nor rejected in assessing RFC, and

ORDER REVERSING AND REMANDING - 2

1    which were not presented to the vocational expert (VE). In specific, Dr. Neims opined Plaintiff

2    was moderately limited in his ability to perform work within a schedule, maintain regular

3    attendance, adapt to changes in the workplace, make simple work-related decisions, ask simple

4    questions or request assistance and set realistic work goals. *Id.* The VE was unaware of these

5    limitations and testified Plaintiff could not retain employment if he missed work two days a

6    month or was off-task 20 percent of the time. Tr. 45.

7            The Court accordingly finds the ALJ harmfully erred. The decision specifically rejected

8    Dr. Neims' marked limitations without explaining why the mental status exam findings supported

9    the ALJ's rather than the doctor's opinion. Dr. Neims' moderate limitations were not specifically

10   rejected but the limitations were not included in the RFC assessment or in questions to the VE.

11   The VE testified missing work two days a month (a failure to maintain regular attendance) would

12   preclude employment. Because the RFC determination must account for all relevant medical

13   opinions, the Court finds the ALJ harmfully erred.

14           The ALJ also erred in finding Dr. Neims' 2016 and 2017 examinations of Plaintiff are not

15   "reliable sources of information regarding the claimant's disability during the time in question."

16   Tr. 23. There is no evidence Plaintiff's mental evidence suddenly arose in 2018, the date he filed

17   the application for supplemental security income. Rather the record establishes Plaintiff has long

18   standing mental health problems that predate Dr. Neims' 2016 exam. Dr. Neims' 2016 and 2017

19   examinations are thus relevant in that they chart the progression of Plaintiff's mental health

20   symptoms—they accordingly either tend to support or tend to detract from the opinion Dr.

21   Neims' provided for the relevant period starting in 2018. On remand the ALJ shall thus consider

22   the 2016 and 2017 examination opinions as they relate to the supportability of Dr. Neims' 2018

23   opinion which falls within the relevant time period.

ORDER REVERSING AND REMANDING - 3

1    The ALJ also rejected the opinions of Luci Carstens, Ph.D. who after reviewing the

2    record concurred with Dr. Neims' opinions. Dr. Carsten's reviewed the record and agreed with

3    Dr. Neims; as the ALJ erred in rejecting Dr. Neims' opinion, the ALJ also erred in rejecting Dr.

4    Carstens' opinion.  The ALJ also erred in rejecting Dr. Carstens' opinion because "she relied on

5    medical evidence not before [the ALJ]." Tr. 23. Because the ALJ was aware there is missing

6    medical evidence that may affect the ability to make a disability determination, the ALJ was

7    required to develop the record and review those records rather than reject Dr. Carstens' opinion

8    outright. *See e.g., Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (ALJ's duty to

9    supplement the record is triggered if there is ambiguous evidence or if the record is inadequate to

10   allow for proper evaluation of the evidence).

11   The Court further recognizes Plaintiff argues the ALJ erred in giving weight to the

12   reviewing doctors. The ALJ did not state he was rejecting the opinions of Drs. Neims or Carstens

13   on the grounds the reviewing doctors contradicted the opinions and should be given more

14   weight. Hence the weight given the reviewing doctors does not alter the fact the ALJ harmfully

15   erred in rejecting the opinions of Drs. Neims and Carstens. On remand, the ALJ should reassess

16   the weight given the reviewing doctors' opinion in view of any record development and new

17   assessment of the opinions of Drs. Neims and Carstens.

18                                    **CONCLUSION**

19   For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is

20   **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

21   On remand, the ALJ shall reassess the opinions of Drs. Neims and Carstens, develop the

22   record as needed, including assessment of the medical evidence reviewed by Dr. Carstens;

23

ORDER REVERSING AND REMANDING - 4

redetermined RFC as needed and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 10th day of December, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge